**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Robert Wilson Stewart, Jr.,<br><br>Defendant. | No. CR-03-00061-001-PHX-JAT<br>CR-00-00698-PHX-JAT<br><br>**ORDER** |

On March 1, 2019, Defendant, pro se, filed a letter seeking early release invoking "President Trump's Prison Reform Act." (Doc. 236). The Government responded and argued that this Court lacks jurisdiction over this request for two reasons. First, the request is effectively a motion under 28 U.S.C. § 2241, which must be filed where Defendant is housed (in this case, Texas). (Doc. 238 at 1-2). Second, an issue raised by Defendant is not ripe. (*Id*. at 2-3).

An Assistant Federal Public Defender reviewed this case as requested that counsel be appointed for Defendant and that this case be re-assigned from the undersigned to the original trial judge to whom the letter was addressed. (Doc. 240 in CR 03-0061 and Doc. 347 in CR 00-0698). The Assistant Federal Public Defender did not address jurisdiction under 28 U.S.C. § 2241. (Doc. 239).

The pro se letter appears to seek two kinds of relief: 1) compassionate release; and 2) additional good time credits. (Doc. 236; *see also* Doc. 239). As discussed below, both of these kinds of relief fall under 28 U.S.C. § 2241.

As to the first type of relief requested, courts consider requests for compassionate release under 28 U.S.C. § 2241. *Barber v. Ives*, No. 3:17-CV-01975-BR, 2018 WL 1002612, at *2 (D. Or. Feb. 20, 2018). Thus, this case would have to be filed in Texas. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

Alternatively,

> The Ninth Circuit expressly held that the BOP's refusal to bring a motion for compassionate release under § 4205(g), the predecessor to § 3582 (c) (1) (A), was not subject to judicial review. *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990). District courts in the circuit have extended *Simmons* to cases brought under § 3582 (c) (1) (A). *See Lee v. Zuniga*, Case No. 1:15-cv-00297-LJO-MJS, 2017 WL 2628101, at *4 (E.D. Cal. June 19, 2017) (collecting cases). Other circuits have done the same. *See, e.g., Crowe v. United States*, 430 Fed. Appx. 484, 2011 WL 2836364 (6th Cir. July 18, 2011); *DeLuca v. Lariva*, 586 Fed. App'x 239, 241 (7th Cir. Dec. 3, 2014). Petitioner has not cited and this Court has not found any authority to the contrary.
> In enacting § 3852(c) (1) (A), Congress granted the BOP the discretion to decide whether to bring a motion for compassionate release. Therefore, without a motion from the BOP, this Court lacks jurisdiction to review the decision, and must dismiss the Petition.

*Id*. at *3 (footnote omitted).

Because this Court, like the Court in *Barber*, does not have a motion from the Bureau of Prisons, the Court is without jurisdiction to consider this request.

As to the second type of relief requested, Defendant's request for additional good time credits is properly brought pursuant to 28 U.S.C. § 2241 in Texas. S*ee Feaster v. Fed. Bureau of Prisons*, No. CV-11-00453-TUC-JGZ, 2014 WL 4322402, at *2 (D. Ariz. Sept. 2, 2014), *aff'd sub nom. Feaster v. Apker*, 623 F. App'x 418 (9th Cir. 2015) ("Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a prisoner's claims that he has been denied good time credits without due process of law. [citation omitted]. Further, because Petitioner is incarcerated at the Federal penitentiary in Tucson, Arizona, this Court has personal jurisdiction over this Respondent, [citation omitted].").[1] Alternatively, it

---

[1] The district court in California elaborated:

appears Defendant's good time credits claim is not ripe. *See Nichols v. Burch*, CV 19-76-TUC-RM (BGM) (D. Ariz. March 13, 2019).

Thus, for both claims in Defendant's letter, jurisdiction in this case would be in Texas where he is housed. Accordingly,

**IT IS ORDERED** that the letter (Doc. 236) is denied without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel in Arizona (Doc. 240 in CR 03-0061 and Doc. 347 in CR 00-0698) is denied for lack of jurisdiction (and, alternatively, as moot).

**IT IS FURTHER ORDERED** the motion to disqualify the judges in Arizona and reassign both cases to the original trial judge (Doc. 240 in CR 03-0061 and Doc. 347 in CR 00-0698) is denied for lack of jurisdiction (and, alternatively, as moot). This Order shall be filed in both cases listed above.

Dated this 10th day of May, 2019.

*[signature]*
James A. Teilborg
Senior United States District Judge

---

A federal prisoner may bring a habeas corpus petition, pursuant to 28 U.S.C. § 2241, to complain that his due process rights were violated at a prison disciplinary hearing, and, in particular, that his rights were violated by the deprivation of good time credits. *See, e.g., Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (petitions that challenge the manner, location, or conditions of a sentence's execution must be brought under § 2241); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) ("[h]abeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a prisoner's claims that be has been denied good time credits without due process of law") (citing, *inter alia, Preiser v. Rodriguez*, 411 U.S. 475, 487–88, (1973)), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc). [Footnote 2: The Ninth Circuit in *Nettles* expressly declined to decide whether the standard adopted applied to "relief sought by prisoners in federal custody." *Id.* at 931. After *Nettles*, the Court has habeas jurisdiction in this action under § 2241. *See, e.g., Miller v. Fox*, 2017 WL 1591939, at *2 (C.D. Cal. Feb. 1, 2017) (declining to extend *Nettles* to federal prisoners proceeding under 28 U.S.C. § 2241)].

*Torres v. Langford*, No. CV 17-3102 CJC (RAO), 2017 WL 5900063, at *2 and n.2 (C.D. Cal. Sept. 27, 2017), *report and recommendation adopted,* No. CV1703102CJCRAO, 2017 WL 5952683 (C.D. Cal. Nov. 27, 2017).